IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JASMIN HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6-16-CV-069 RP |
| | § | |
| BAYLOR UNIVERSITY, | § | |
| ART BRILES in his official capacity as | § | |
| former head football coach, and | § | |
| IAN MCCAW, in his official capacity | § | |
| as former athletic director. | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Jasmin Hernandez brings this action, detailed in her Amended Complaint and Jury Demand, (Dkt. 28), against Defendant Baylor University ("Baylor") for violations of Title IX of the Education Act of 1972, 20 U.S.C. § 1681. Plaintiff also asserts Texas common law claims of negligence and intentional infliction of emotional distress against Baylor as well as Defendants Art Briles in his official capacity as former head football coach and Ian McCaw in his official capacity as former athletic director.

Pending before the court are Defendant Briles' Motion to Dismiss for Plaintiff's Failure to State a Claim Against Defendant Art Briles, Sued In His Official Capacity as Head Football Coach, (Dkt. 31), Defendants' Motion to Dismiss In Response to Plaintiff's Amended Complaint, (Dkt. 32), Plaintiff's requests for leave to amend her complaint asserted in Plaintiff's oppositions to those motions to dismiss, (Dkt. 36); (Dkt. 37), Defendant Art Briles' Motion to Enter Order of Dismissal, (Dkt. 46), and Defendant Art Briles' Request for Expedited Hearing Regarding Motion to Enter Order of Dismissal, (Dkt. 48). Also pending before the court are Defendants' Motion to Stay

1

Discovery Pending Resolution of Motions to Dismiss, (Dkt. 33), and the parties' Joint Motion for Proposed Scheduling Order, (Dkt. 47).

In this order, the court addresses Defendants' motion to stay discovery, the parties' agreed determination that the state law claims against Defendants Briles and McCaw in their official capacities should be dismissed, Plaintiff's requests for leave to amend her complaint, and the parties' request for a scheduling conference.

## I. MOTION TO STAY DISCOVERY

Defendants request the court stay discovery because "[t]he motions to dismiss, if granted, would dispose of all of [Plaintiff's] claims against the three Defendants," (Dkt. 33 at 2), and because the "discovery in this case will be more costly, burdensome, and intrusive than the garden variety discrimination case." (*Id.*, at 3). Defendants allege that "[t]he discovery sought by Plaintiff likely will include documents regarding other students and any investigations performed by Baylor regarding sexual misconduct . . . will involve disputes over scope and confidentiality . . . [and] also will impact the privacy rights of third-party students, including others who have reported sexual assaults to Baylor University." (*Id.*). This will also require Baylor, "before producing any educational records on any student . . . to notify each student of the student's right to file an objection with the Court." (*Id.*) (citing 34 C.F.R. § 99.31(a)(i)–(ii)). Additionally, "Plaintiff's response demonstrates that she envisions wide-ranging written discovery and depositions ranging from members of the board of regents to coaches and other students," to "matters investigated by the Pepper Hamilton law firm" and "information pertaining to an unrelated lawsuit between Baylor University and the Baylor Alumni association." (Dkt. 39 at 4). Defendants argue that these future requests would "raise[] substantial questions about scope, burden, privacy, and the application of the attorney-client privilege to the Pepper Hamilton law firm investigation." (*Id.*).

2

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "While discovery may be stayed pending the outcome of a motion to dismiss, 'the issuance of [a] stay is by no means automatic.'" *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3-08-CV-0774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). Such a stay is "the exception rather than the rule." *Id.* (citing *Ford Motor Co. v. U.S. Auto Club, Motoring Div., Inc.*, No. 3-07-CV-2182-L, 2008 WL 2038887 at *1 (N.D. Tex. Apr. 24, 2008)). "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Id.* (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)) (internal quotation marks omitted).

The court is not convinced that Defendants have demonstrated good cause to stay discovery at this stage of the litigation. First, their assertion that the favorable resolution of their motion to dismiss would dispose of Plaintiff's claims is of questionable weight given that the same could be said of many if not most motions to dismiss pursuant to Rule 12(b)(6). *Cf. Gray*, 133 F.R.D. at 40 ("[A] stay of the type . . . where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss . . . this would circumvent the procedures for resolution of such a motion . . . [a]lthough it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value . . . this is not such a case." (citing *Blue Chip Stamps v. Manor Drug Stores*, 431 U.S. 723, 741 (1928)); *Glazer's Wholesale*, 2008 WL 2930482, at *1 ("The court

declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss.").

Further, the court does not believe the various costs and difficulties of discovery that Defendants describe comprise oppression or an undue burden. And should the confidentiality of third-party students become an issue in this case, the parties may motion the court to take measures to protect that confidentiality if and when such issue arises. On that same note, simply because the court does not stay discovery at this stage of the proceedings does not mean that Defendants are barred from contesting any particular discovery request moving forward.

Accordingly, the court finds that Defendants' motion to stay discovery should be denied.

## II. REQUEST FOR LEAVE TO AMEND THE COMPLAINT

Defendants argue in their motion to dismiss that Plaintiff's claims against Briles and McCaw in their official capacities are redundant of the claims against Baylor, and that Plaintiff has claimed that Briles and McCaw have "breached duties that could have existed only by virtue of their employment" with Baylor. (Dkt. 32 at 24–25). Briles presents comparable arguments in his motion to dismiss. *See* (Dkt. 31 at 5–6).

In Plaintiff's response in opposition to Defendants' motion to dismiss, she "concedes that her state law claims against Briles and McCaw in their official capacities are duplicative of her state law claims against Baylor," (Dkt. 37 at 30), and in her response in opposition to Briles' motion to dismiss similarly "concedes that her state law claims against Briles in his official capacity are duplicative of her state law claims against Baylor, Briles' employer at the time." (Dkt. 36 at 5). She requests leave to amend her complaint to "allege claims against Briles and McCaw in their personal capacities," (Dkt. 37 at 30), and to "include any additional supporting allegations," (Dkt. 36 at 5).

Defendants' in their reply in support of their motion to dismiss argue that "[a]ssuming that [Plaintiff] desires to add her currently pleaded claims" against Briles and McCaw in their personal

4

capacities, "the proposed amendment is futile." (Dkt. 44 at 16). Briles in his reply in support of his motion to dismiss alleges that "[a] Second Amended Complaint, adding Coach Briles in his individual and personal capacity, would also fail to state a claim upon which relief can be granted," would be "futile," and should, "especially without a proper motion," be denied. (Dkt. 40 at 8). Briles has also submitted a motion requesting the court dismiss him in his official capacity as a party to the suit, (Dkt. 46), as well as a motion requesting a hearing on the matter, (Dkt. 48).

The court disagrees that amendment would necessarily be futile. The legal calculus may change based on what additional facts Plaintiff pleads. *See Golden Spread Council, Inc. No. 562 of Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 289 (Tex. 1996) ("The existence of a duty is a question of law for the court to decide from the particular facts of the case." (citing *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). Further, "[i]t is settled that the grant of leave to amend the pleadings pursuant to [Federal Rule of Civil Procedure] 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Lastly, leave to amend a complaint need not be requested in a "proper motion." *See Humana Health*, 336 F.3d at 387 ("Rule 15(a) applies where plaintiffs 'expressly requested' to amend even though their request 'was not contained in a properly captioned motion paper' . . . so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought." (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990); *Edwards v. Occidental Chem. Corp.*, 893 F.2d 1442, 1445–46; Fed. R. Civ. P. 7(b)(1), 15(a))).

Plaintiff's request for leave to amend will therefore be granted.

### III. CONCLUSION

Plaintiff's state law claims against Defendant Art Briles and Defendant Ian McCaw in their official capacities are **DISMISSED**. Defendant Art Briles' Motion to Enter Order of Dismissal,

5

(Dkt. 46), and Defendant Briles' Motion to Dismiss for Plaintiff's Failure to State a Claim Against Defendant Art Briles, Sued In His Official Capacity as Head Football Coach, (Dkt. 31) are therefore **GRANTED**. Defendant Art Briles' Request for Expedited Hearing Regarding Motion to Enter Order of Dismissal, (Dkt. 48), is correspondingly **DISMISSED AS MOOT**.

Plaintiff's request for leave to amend her Amended Complaint and Jury Demand is **GRANTED**. Plaintiff is **ORDERED** to submit her second amended complaint on or before **Wednesday, October 12, 2016**.

Defendants' Motion to Stay Discovery Pending Resolution of Motions to Dismiss (Dkt. 33) is **DENIED**.

Lastly, the court **GRANTS** the parties' Joint Motion for Proposed Scheduling Order, (Dkt. 47). In that motion, the parties submitted an incomplete joint proposed scheduling order along with a joint request that the court set a scheduling conference to address the timing and sequence of discovery. That request, along with the instant order, leads the court to believe that it is appropriate to rescind its previous order of September 7, 2016, directing the parties to submit a joint proposed scheduling order by or on September 21, 2016. *See* (Dkt. 45). Instead, the court directs the parties, or counsel acting on their behalf, to appear by telephone for an initial pre-trial conference on **Tuesday, October 18, 2016 at 10:00 a.m.** Counsel for Plaintiff shall be responsible for coordinating the call and providing dial-in information at least 24 hours prior to the conference to the Courtroom Deputy at julie_golden@txwd.uscourts.gov. The parties should be prepared to discuss potential trial settings as the court intends to set a trial date in this action during the conference.

**SIGNED** on September 21, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE