IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JASMIN HERNANDEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:16-CV-00069-RP |
| | § | |
| BAYLOR UNIVERSITY *et al*, | § | |
| Defendants. | § | |

**DEFENDANT BAYLOR UNIVERSITY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

TO THE JUDGE OF THE HONORABLE COURT:

Defendant Baylor University responds as follows to Plaintiff's motion for leave to file a sur-reply:

**I.       Overview and Legal Standard**

Baylor's motion to dismiss has been fully brief by the parties and is ripe for a ruling from this Court. Plaintiff urges the Court to open up yet another round of briefing so that the Plaintiff can present additional information that Plaintiff claims is "exceedingly relevant." ECF 75, pp. 2-3. Plaintiff generally contends that additional information will shed light on the questions of Baylor's alleged knowledge of, and indifference to, prior sexual assaults by Tevin Elliott and other athletes. However, additional briefing on these subjects is unnecessary because Plaintiff's current pleading *already claims* that sexual assault was "prevalent," that Baylor coaches and employees knew about multiple rapes by Tevin Elliott and other athletes, that coaches insulated athletes from discipline, and that school officials failed to respond to a pattern of sexual violence. *See, e.g.*, ECF 53 ¶¶ 27-32, 43, 49, 53, 62-63, 80, 94. Because Baylor's motion to dismiss *already* presumes the truth of Plaintiff's well-pleaded factual allegations, Plaintiff does not need

1

an opportunity for further briefing on these matters. Baylor filed a Rule 12(b)(6) motion, not a Rule 56 motion for summary judgment.

Sur-replies "are heavily disfavored." *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 (5th Cir. 2014) (citation omitted). A sur-reply may be proper when the moving party raises a new argument in its reply or when a new development in the law needs to be addressed.[1] Plaintiff does not suggest that either of those circumstances is present; rather, she seeks leave to file a sur-reply because she views the case as "complex." ECF 75 at 2-3. The cases cited by Plaintiff do not support the proposition that complexity justifies a sur-reply.[2]

Here, Plaintiff is not responding to new arguments in a reply filed by any defendant, nor is she presenting new case law; indeed, the proposed sur-reply does not cite any case law regarding her claims. ECF 76-1. Rather, the proposed sur-reply recites factual allegations in pleadings filed in other cases. One of the cases referenced by Plaintiff involves a former student who claims that she was raped in 2013 after joining a student organization that supported the athletic program. ECF 76-1, exhibit A, pp. 15-16. Allegations regarding assaults *subsequent* to Plaintiff's assault or regarding an organization that Plaintiff never joined are not "exceedingly relevant." Plaintiff also refers to student discipline files about Tevin Elliott that she obtained

---

[1] *See, e.g., Nix El v. Williams*, 174 F.Supp.3d 87 (D.D.C. 2016) (denying leave to file a sur-reply when the reply did not raise new arguments that were not included in the original motion); *Marshall v. Capital View Mut. Homes*, 2013 WL 3353752, at *9 (D. Md. July 2, 2013) (denying leave to file sur-reply where defendants did not raise new issue in reply); *Susko v. Cox Enterprises*, 2008 WL 4279671 (N.D. W. Va. Sept. 16, 2008) ( *Hall v. Forest River, Inc.*, 2008 WL 1774216, at *1 n.1 (N.D. Ind. Apr. 15, 2008) (improper to file sur-reply that "neither raises nor responds to new issues or legal developments").

[2] One of the cases cited by Plaintiff involved new arguments and an attempt by the non-movant to strike new arguments made for the first time in a reply brief. *See Diamond Sawblades Mfrs. Coalition v. U.S.*, 2007 WL 2275038, at **1 (Ct. Int'l Trade Aug. 9, 2007). In *Johnson Controls, Inc. v. Am. Motorists Ins. Co.*, 719 F.Supp. 1459, 1461 (E.D. Wis. 1989), there were competing declaratory actions filed in California state court and in the Wisconsin federal district court and the federal court allowed a sur-reply to update the court on the legal developments in the other case. Finally, while the court in *Satyam Computer Servs., Ltd. v. Venture Glob. Eng'g, LLC*, 2007 WL 1806198, at *2 (E.D. Mich. June 21, 2007) made a fleeting reference to the fact that it had previously allowed a "lengthy reply brief and a sur-reply," the court did not state how it reached the decision to allow one.

through discovery in December 2016. *See, e.g.*, ECF 76-1, p. 7. A sur-reply to address Elliott's actual student conduct record is unnecessary because the motion to dismiss already assumes the truth of Plaintiff's allegation that, prior to Plaintiff's sexual assault, Baylor failed to discipline Elliott. ECF 53 ¶¶ 27-31. Finally, Plaintiff does not need an opportunity to discuss statements in a pleading filed by Baylor regents in a state court defamation case because, as previously noted, Plaintiff's complaint already alleges that sexual violence was "prevalent" and that athletes were not held accountable. ECF 53 ¶¶ 69, 89, 95.

Baylor appreciates Plaintiff's stated interest in ensuring that the Court has relevant information when ruling on Plaintiff's claim. Under the substantive law, however, the new information referenced by Plaintiff has no bearing on the specific arguments in Baylor's motion to dismiss. In particular, because the statute of limitations turns on the information available to the Plaintiff during the period between 2012 and 2014, Plaintiff's acquisition of new information in 2016 or 2017 is immaterial. ECF 32, pp. 5-10. Plaintiff's motion for leave to file a sur-reply should be denied.

II. **The legal question presented in Baylor's motion to dismiss is whether Plaintiff's admissions in her complaint establish that her claim is time-barred as a matter of law.**

Baylor's motion to dismiss argues that Plaintiff's suit is time-barred due to ***Plaintiff's own admissions*** in her complaint. ECF 32, p. 7. According to Plaintiff's complaint, she knew in 2012 that she was raped, and she knew that Baylor allegedly was indifferent to her report and did not assist her. Additionally, by January 2014 at the latest, Plaintiff also knew that there were other victims. ECF 32, p. 10; ECF 37, p. 13. The legal question is whether this knowledge, as a matter of law, establishes that the claim is time-barred. *See generally King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015).

3

Plaintiff's proposed sur-reply claims that, until recently, she did not know about Baylor's alleged indifference to other instances of sexual violence. ECF 76-1, p. 9. Plaintiff's original response, however, already addresses this issue. ECF 37, pp. 2, 3, 5; ECF 44, pp. 5-8; *see, e.g., Warrior Energy Servs. Corp.*, 551 F. App'x at 751 n. 2 (district court did not abuse discretion in denying leave to file a sur-reply on an issue when the party previously had an opportunity to address the issue). Moreover, it is irrelevant under the substantive law that Plaintiff learned after the fact about additional instances of alleged indifference. In *Twersky v. Yeshiva University*, 579 F. App'x 7, 10 (2d Cir. 2014), the plaintiffs similarly argued that their Title IX claim did not accrue until a university official admitted in a newspaper interview that administrators previously had been aware of the risk of sexual abuse. *Id.* The court rejected this argument, noting that the plaintiffs were aware that school administrators had "rebuffed their complaints or otherwise failed to take adequate remedial action." *Id.*; *see also Samuelson v. Oregon State Univ.,* 2016 WL 727162 at *8 (D. Or., Feb. 22, 2016) (learning about additional rapes from the newspaper did not restart the clock for the plaintiff); *Jane Doe 6 v. Rust College*, 2015 WL 5674878 at *3 (N.D. Miss., Sept. 25, 2015) (Title IX claim was untimely despite plaintiff's allegation that her claim involved a "latent injury" due to the school's "inaction" regarding other victims); *Mayzone v. Missionary Oblates of Mary Immaculate of Tex.*, 2014 WL 3747249, at *4 (Tex. App.—San Antonio, July 30, 2014, pet. den.) (claim was time-barred despite allegation that the church knew that a priest "had a history of sexually abusing children"; plaintiff's knowledge of his own abuse was the relevant knowledge for accrual purposes); *see also Rotella v. Wood*, 528 U.S. 549, 555-56 (2000) (rejecting the argument that accrual in a RICO action should be tied to the plaintiff's discovery of a "pattern of racketeering" rather than the plaintiff's injury; accrual was not

deferred even though the "pattern of predicate acts" may be "complex, concealed, or fraudulent").

Because the relevant inquiry is Plaintiff's own knowledge of her own injury during the period 2012-2014, Plaintiff does not need an opportunity to provide briefing on information that she learned in 2016 and 2017.

**III. Plaintiff has not demonstrated a legitimate need to provide further briefing on the purely legal question of whether the Defendants owed a legal duty to Plaintiff under Texas common law.**

Baylor's motion to dismiss presents the legal question of whether it owed a common law legal duty to Plaintiff. Citing case law from around nation, the motion argues that, as a matter of law, universities do not have a legal duty to control the actions of students at off-campus private parties and that there is no duty to protect or to ensure that school rules are followed. ECF 32, pp. 14-20; ECF 44, pp. 11-14. Plaintiff does not need an opportunity to file a sur-reply because Baylor's motion to dismiss already assumes the truth of Plaintiff's allegations regarding knowledge of prior rapes and failure to discipline. The question for the Court is whether such allegations, assumed to be true, fail to state a claim under Texas law. The parties have extensively briefed these issues.

Baylor's motion to dismiss is ripe for the Court's consideration, and new unpleaded facts should not be considered. "Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 289 (5th Cir. 2006) ("in reviewing a Rule 12(b)(6) dismissal, we review only the well-pleaded facts in the complaint. This new allegation may *not* be considered.") (emphasis in original).

## VI. CONCLUSION

For the foregoing reasons, the Defendant Baylor University prays that the Court will deny Plaintiff's motion for leave to file a sur-reply.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By:     /s/ *Lisa A. Brown*
        Lisa A. Brown
        Texas Bar No. 03151470
        Phoenix Tower, Suite 2000
        3200 Southwest Freeway
        Houston, Texas 77027-7554
        (713) 554-6741 (telephone)
        (713) 583-7934 (fax)
        lbrown@thompsonhorton.com (email)

        Holly G. McIntush
        Texas Bar No. 24065721
        400 W. 15th St., Suite 1430
        Austin, Texas 78701
        (512) 615-2350 (telephone)
        (512) 682-8860 (fax)
        hmcintush@thompsonhorton.com

**ATTORNEYS FOR DEFENDANT BAYLOR UNIVERSITY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served upon all counsel of record on February 15, 2017, via the Court's ECF/CMF electronic service system as follows:

Mr. Alexander S. Zalkin
THE ZALKIN LAW FIRM, P.C.
12444 High Bluff Drive, Suite 301
San Diego, California 92130
alex@zalkin.com

Mr. David G. Tekell
TEKELL & ATKINS, L.L.P.
5400 Bosque Boulevard
Waco, Texas 76710
david@tekellatkins.com

Mr. Thomas Brandt
Mr. Stephen D. Henninger
FANNING HARPER MARTINSON
BRANDT & KUTCHIN
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
tbrandt@fhmbk.com
shenninger@fhmbk.com

Ms. Susan Hutchison
HUTCHISON & STOY PLLC
509 Pecan Street, Suite 201
Fort Worth, Texas 76102
hutch@hsjustice.com

Mr. Kenneth Tekell, Sr.
TEKELL, BOOK, ALLEN & MORRIS, L.L.P.
1221 McKinney, Suite 4300
Houston, Texas 77010-2010
ktekell@tekellbook.com

        *Lisa A. Brown*
        Lisa A. Brown

881106
094030.000002