IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JASMIN HERNANDEZ, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § | 6:16-CV-69-RP |
| BAYLOR UNIVERSITY, et al., | | |
| Defendants. | | |

### ORDER

Before the Court in the above-entitled action is Plaintiff's Request to Seal Plaintiff's Sur-Reply and Correspondence to Defendants, (Dkt. 76), and Defendant Baylor University's Response in Opposition, (Dkt. 80).

"Courts have recognized that the public has a common law right to inspect and copy judicial records." *S.E.C. v. Van Wayenberghe*, 990 F.2d 845, 848 (5th Cir.1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) and *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir.1981)). However, the right is not absolute, and the court has discretion to seal records when "files might . . . become a vehicle for improper purposes." *Id.* (internal quotation marks omitted). Accordingly, a motion to seal records requires the court to "balance the public's common law right of access against the interests favoring nondisclosure." *Id.* "The movant 'may overcome the presumption of access by providing sufficiently compelling reasons that override the public policies favoring disclosure.'" *Jeanbaptiste v. Wells Fargo Bank, N.A.*, No. 3:14–CV–264–K, 2014 WL 6790737, at *4 (N.D.Tex. Dec. 1, 2014) (quoting *Bianco v. Globus Med., Inc.*, No. 2:12–CV–147–WCB, 2013 WL 3422000, at *2 (E.D.Tex. July 14, 2014)).

In support of the instant motion, Plaintiff states that Defendant "has publicly disclosed information in collateral litigation that would undoubtedly fall under the protection of the non-

1

finalized terms of the protective order negotiated to this point." (Dkt. 76, at 4). Plaintiff states that her instant request is predicated on the need to "maintain the confidentiality of information received on a temporary basis" based on the parties' prior agreement. (*Id.*). Defendant responds that Plaintiff's allegations are inaccurate and that it "has not violated any signed protective order or any proposed protective order." (Dkt. 80, at 2). However, Defendant does not specifically object to the relief sought by Plaintiff in her Request to Seal. (*See generally id.*).

As such, and because there is no protective order currently active in this case, the Court hereby **GRANTS** the Request to Seal Plaintiff's Sur-Reply and Correspondence to Defendants, (Dkt. 76).

**SIGNED** on March 6, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE