IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JASMIN HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:16-CV-69-RP |
| | § | |
| BAYLOR UNIVERSITY, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court in the above-entitled action is Plaintiff's Motion for Leave to File Sur-Reply, (Dkt. 75), and the responsive pleadings thereto. By way of that Motion, Plaintiff seeks leave to file a sur-reply to the three pending Motions to Dismiss in the instant case. (*See* Dkts. 32, 56, 61, and 67). Defendants object, arguing that the Court should deny Plaintiff's motion because the proposed sur-reply "recites factual allegations" from other cases that have "no bearing on the specific arguments in [Defendants'] motion[s] to dismiss" and "asks for permission to file extrinsic evidence." (Baylor Resp., Dkt. 77, at 1–2; McCaw Resp., Dkt. 79, at 6).

Once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant. W.D. Tex. Local Rule CV-7(e)–(f). Absent leave of court, no further submissions on the motion are allowed. W.D. Tex. Local Rule CV-7(f). However, a Court has the discretion to grant leave to file a sur-reply when it finds that the party seeking leave to file has provided adequate justification. *See, e.g.*, *Duarte v. St. Paul Fire and Marine Ins. Co.*, No. EP-l4-CV-305-KC, 2015 WL 12910213, at *1 (W.D. Tex. Aug. 28, 2015); *Salomon v. Wells Fargo Bank, N.A.*, EP–10–CV–106–KC, 2010 WL 2545593, at *2 (W.D. Tex. June 21, 2010).

After reviewing Plaintiff's Motion for Leave to File, Defendants' responses in objection, and Plaintiff's proposed sur-reply, the Court finds that Plaintiff has provided an adequate justification for

granting her Motion and that doing so will cause Defendants no prejudice. The Court can determine when a sur-reply raises irrelevant information or, as alleged by at least one Defendant in the instant case, seeks to introduce extrinsic evidence in violation of the standard governing review of motions to dismiss; the Court will disregard any portions of Plaintiff's sur-reply that do so.

Accordingly, Plaintiff's Motion for Leave to File Sur-Reply, (Dkt. 75), is hereby **GRANTED.**

**SIGNED** on March 6, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE