IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JASMIN HERNANDEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:16-CV-69-RP |
| BAYLOR UNIVERSITY, et al., | § § § | |
| Defendants. | § | |

**ORDER**

Before the Court in the above-entitled action is Defendant Baylor University's Motion to Quash and Motion for Protective Order. (Dkt. 87). By way of the instant motion, Baylor seeks an order quashing Defendant Art Briles's Notice of Videotaped Deposition of Reagan Ramsower and the entry of a protective order. (*Id.* at 2). Having considered the written briefing and finding a hearing unnecessary, the Court issues the following Order.

Plaintiff Jasmin Hernandez brings this suit against Defendants Baylor University ("Baylor"), (Second Am. Compl., Dkt. 53, ¶ 1); Art Briles ("Defendant Briles"), formerly the head football coach at Baylor, (*id.* ¶ 2); and Ian McCaw ("Defendant McCaw"), formerly the athletic director at Baylor, (*id.* ¶ 3). Defendants previously requested a stay of discovery, (Dkt. 33), which the Court denied. (Order, Dkt. 49, at 6). No Scheduling Order has been entered as of the date of this Order, although a Scheduling Conference is currently set for March 30, 2017. (Dkt. 88).

On February 23, 2017, Defendant Briles noticed the deposition of Reagan Ramsower ("Mr. Ramsower"), Baylor's senior vice president for operations and chief operating officer, for March 9, 2017. (Deposition Notice, Dkt. 87-2). The deposition notice includes the following language:

> Under Federal Rules of Civil Procedure 30(b)(2) and 34, Reagan Ramsower is requested to produce all written communications, correspondence, e-mails, text messages, and other documents in his possession relating or referring to Jasmin Hernandez, Art Briles, Ian McCaw, Pepper Hamilton LLP, Tevin S. Elliott, Baylor

1

>police chief, Jim Doak, Baylor police chief, Brad Wigtil, and any present or former member of the Baylor University Board of Regents.

(*Id.* at 2). Baylor objects that the proposed deposition and request for information "violates Rule 34 of the Federal Rules of Civil Procedure, is unduly burdensome, seeks irrelevant information that is out of proportion to the needs of the case, and seeks information that is confidential and privileged." (Mot. Quash, Dkt. 87, at 2). Baylor further objects that "the requests are brought for an improper purpose," alleging that Defendant Briles is using the deposition to discover information related to a defamation suit he filed against Mr. Ramsower in state court. (*Id.* at 2).

Federal Rule of Civil Procedure 26(c)(1) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court's options include "forbidding the disclosure or discovery" and "specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(A)–(B). In applying Rule 26(c), the Court "must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party," *Cazorla v. Koch Foods Miss., L.L.C*, 838 F.3d 540, 555 (5th Cir. 2016) (quoting 6 James Wm. Moore et al., Moore's Federal Practice ¶ 26.101[1] [c] (3d ed. 2011)), and "weigh relevant public interests." *Id.*

In the instant case, the Court recognizes that much of the information sought in Defendant Briles's Notice of Deposition may be privileged or otherwise confidential and that compliance with the terms of the Notice may therefore involve an undue burden. Moreover, the Court finds that the probative value of the information sought by Defendant Briles would not be diminished by the temporary postponement of the noticed deposition. The balancing test described above therefore weighs in favor of granting Baylor's Motion to Quash until the Court rules on Baylor's Motion for Protective Order.

Baylor's Motion to Quash and Motion for Protective Order, (Dkt. 87), is therefore **GRANTED IN PART**. The Motion is **GRANTED** to the extent Baylor seeks an order quashing the Notice of Videotaped Deposition of Reagan Ramsower dated February 23, 2017, (Dkt. 87-2). With respect to Baylor's request for the entry of a protective order, **IT IS HEREBY ORDERED** that Plaintiff Jasmin Hernandez and Defendants Briles and McCaw file a response on or before March 10, 2017. **IT IS FURTHER ORDERED** that Baylor file its reply on or before March 14, 2017.

**SIGNED** on March 7, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE