IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JASMIN HERNANDEZ, | § | |
| Plaintiff, | § | |
| v. | § | 6:16-CV-69-RP |
| BAYLOR UNIVERSITY, et al., | § | |
| Defendants. | § | |

**ORDER**

Before the Court in the above-entitled matter is Defendant Art Briles's Motion for Leave to Designate Responsible Third Party, which seeks to designate Tevin S. Elliott as a responsible third party in the above-entitled matter. (Dkt. 94). Having considered the filing and the relevant law, the Court hereby **GRANTS** Defendant Briles's Motion.

**I. BACKGROUND**

Plaintiff Jasmin Hernandez ("Plaintiff"), a former student at Baylor University who was sexually assaulted by fellow student Tevin S. Elliott ("Elliott") during her freshman year, asserts claims against Baylor under Title IX of the Education Amendment Acts of 1972 and under the common-law doctrine of negligence. Plaintiff also asserts negligence claims against former Baylor Head Football Coach Art Briles ("Defendant Briles") and former Baylor Athletic Director Ian McCaw ("Defendant McCaw").[1] Elliott was convicted of sexually assaulting Plaintiff on April 23, 2015. *See Tevin Elliott v. State of Texas*, No. 10-14-00112-CR, 2015 WL 1877052, at *1 (Tex.App.—Waco, April 23, 2015, pet. ref'd).

---

[1] Plaintiff also asserted claims against all defendants for intentional infliction of emotional distress; those claims were dismissed. (Order, Dkt. 105, at 25).

1

## II. LEGAL STANDARD

The Court's jurisdiction over Plaintiff's state law claims is supplemental to its federal question jurisdiction. 28 U.S.C. § 1367(a). A federal court exercising supplemental jurisdiction over state law claims must apply the substantive law of the state in which it sits. *Sommers Drug Stores Co. Employee Profit Sharing Trust*, 883 F.2d 345, 353 (5th Cir. 1989) (citing *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 (1938)). The Court therefore applies Texas law to the instant motion.

Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort may reduce his liability by a percentage of responsibility attributed to a responsible third party. *Strickland v. Buffalo Wild Wings, Inc.*, No. 3:14-CV-4252-B, 2015 WL 4269968, at *1 (N.D. Tex. July 14, 2015) (citing Tex. Civ. Prac. & Rem. Code § 33.002). Section 33.004(a) of the Code permits a defendant "to designate a person as a responsible third party" in a lawsuit, so long as the defendant does so at least 60 days before trial. Tex. Civ. Prac. & Rem. Code § 33.004(a). A responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought." *Ellis v. United States*, 673 F.3d 367, 372 n.3 (5th Cir. 2012) (quoting Tex. Civ. Prac. & Rem. Code § 33.011(6)). "A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the motion is served." Tex. Civ. Prac. & Rem. Code § 33.004(f).

## III. DISCUSSION

Defendant Briles moved to designate Elliott as a responsible third party well in advance of the applicable deadline.[2] A finder of fact may conclude that Elliott, in sexually assaulting Plaintiff, caused or contributed to causing the harm for which she seeks relief. Finally, though more than fifteen days have passed since the filing of the instant motion, neither Plaintiff, Defendant Baylor,

---

[2] Trial in this matter is set for July 9, 2018. (Dkt. 108).

nor Defendant McCaw has filed an objection. Applicable law therefore dictates that the Court grant the instant motion. Tex. Civ. Prac. & Rem. Code § 33.004(f) ("A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the motion is served."); *see, e.g.*, *Constante v. General Motors, LLC*, No. SA-12-CV-757-XR, 2013 WL 1729722, at *1 (W.D. Tex. April 23, 2013) ("Since no objections to the motion were filed within 15 days of the motion being filed and electronically served on Plaintiff's counsel, the Court must grant the motion pursuant to [S]ection 33.004(f).").

Section 33.004(l) of the Code provides

> After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The Court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

Tex. Civ. Prac. & Rem. Code § 33.004(l). Should Plaintiff desire to file a motion under Section 33.004(l), such a motion must be filed no later than the deadline for filing dispositive motions.

## IV. CONCLUSION

Accordingly, this Court hereby **GRANTS** Defendant Briles's Motion for Leave to Designate Responsible Third Party, (Dkt. 94). Pursuant to the Texas Civil Practice and Remedies Code, Tevin S. Elliott is hereby designated as a responsible third party with respect to Plaintiff's state-law claims.

**SIGNED** on April 11, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE